# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TREY O'NEAL JACKSON,**

    **Plaintiff,**

vs.                                Case No. 4:24cv270-RH-MAF

**JACKSONVILLE SHERIFF'S OFFICE,**

    **Defendant.**

**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed with in forma pauperis status, ECF No. 2. Both documents have been reviewed and, notably, Plaintiff resides in Jacksonville, Florida. ECF No. 2 at 2. Because the Defendant is listed as the Jacksonville Sheriff's Office, ECF No. 1 at 1, a cursory review of the complaint has been made.

The Sheriff's Office is located in Duval County, Florida. Plaintiff resides there, and the event at issue in this case took place at the intersection of Moncrief Road and Golfair Boulevard, in "the zip code area" of 32209, *see* ECF No. 1 at 5, which is in Duval County. Plaintiff contends

he was subjected to a "wrongful stop" and excessive force was used. *Id.* at 3. Duval County is not within the territorial jurisdiction of this Court; rather, it is located within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). This case has been initiated in the wrong district. Venue is appropriate in the Middle District of Florida because the Defendant is located there, Plaintiff resides there, and Plaintiff's claims took place in Duval County. The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.

Case No. 4:24cv270-RH-MAF

Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer.

The Middle District of Florida is the proper forum for this case. That Court is also in the proper position to rule on Plaintiff's in forma pauperis motion.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 17, 2024.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:24cv270-RH-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:24cv270-RH-MAF